IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRISTOPHER OSHA MOORE, #35857                             PETITIONER

VS.                                                          CIVIL ACTION NO. 3:08cv674-TSL-FKB

RON KING                                                  RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on the State/Respondent's Motion to Dismiss (Docket No. 7), to which the Petitioner has failed to respond. For the reasons explained below, the Motion to Dismiss should be **granted**, and the petition should be dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

Petitioner pleaded guilty to two charges of the sale of cocaine as a second time drug offender in the Circuit Court of Scott County, Mississippi. In an Order filed on February 12, 2008, the Circuit Court entered judgment on Petitioner's guilty pleas to the two separate charges. (Docket No. 7-2.) The Circuit Court sentenced Moore to serve a term of six (6) years on one charge and a consecutive term of one (1) year on the second charge to be served in the custody of the Mississippi Department of Corrections. Although the Mississippi Supreme Court has carved an exception to the statutory prohibition against direct appeals from guilty pleas[1], Moore did not file a direct appeal from his guilty pleas.

Nevertheless, Moore did file in the Circuit Court of Scott County a "Motion for Sentence Reduction" on July 24, 2008, and a "Petition for Habeas Corpus" on August 18, 2008. On August 25, 2008, the Circuit Court entered an "Order denying Motion for Post-Conviction Relief." (Docket No. 1 at 16.) In the Order, the Circuit Court construed the Motion for Sentence Reduction as a petition for post-

---

[1]At the time Moore was sentenced, the Mississippi Supreme court allowed an appeal from a guilty plea within thirty (30) days when the issue concerned an alleged illegal sentence. See Acker v. State, 797 So.2d 966 (Miss. 2001); Burns v. State, 344 So.2d 1189 (Miss. 1977). The statutory prohibition to direct appeals from guilty pleas is found in Miss. Code Ann. § 99-35-101.

conviction relief and denied it for a failure to state a claim and for its failure to "substantially comply with the requirements for filing a motion for post-conviction relief as provided by Miss. Code Ann. § 99-39-9." (Id.) The Order does not specifically reference Moore's "Petition for Habeas Corpus" filed on August 18, 2008. The records of the Scott County Circuit Court reflect that Moore did not appeal the Circuit Court's August 25, 2008, decision, although he did file with the Mississippi Supreme Court a Motion to expedite ruling on his Petition for Habeas Corpus pending before the Scott County Circuit Court. (Docket No. 7-2 at 4.) The Mississippi Supreme Court denied Moore's Motion to expedite on September 9, 2008, finding that his Motion to expedite was moot because his petition for post-conviction relief had been denied by the trial court. (Docket No. 7-2 at 5.)

Moore filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court on October 31, 2008. In his Petition, he raises one ground for relief, as follows: "Illegal confinement/ indictment. The foreman of the grand jury signature is not endorsed on my indictment. It was only signed by the District Attorney." The State/Respondent responded to the Petition with its Motion to Dismiss. In its Motion, the State/Respondent argues that Petitioner's one ground for relief has never been presented to the state's highest court, therefore the petition should be dismissed for the Petitioner's failure to exhaust state court remedies. See 28 U.S.C. § 2254. The State/Respondent posits that the Petitioner may still have post-conviction relief as an available remedy because he failed to comply with the post-conviction statutes in his original pleading in the Circuit Court. Alternatively, the State/Respondent argues that if there is no state remedy available to him, Moore's claims would be barred from federal review based upon his procedural default in failing to appeal the Circuit Court's order denying relief. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). As another alternative, the State/Respondent asserts that, without waiving exhaustion, the Petitioner's claim is so completely without merit that it should be dismissed with prejudice.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996,

amended the statute governing writs of habeas corpus, 28 U.S.C. § 2254. The relevant portions of the statute provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>                 \*   \*   \*
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Turning first to the State/Respondent's Motion to Dismiss, the State/Respondent first argues that Moore's petition should be dismissed because he has failed to exhaust his available state court remedies. This Court agrees and, thus, will not address the State/Respondent's alternative bases for dismissal. Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. See Edwards v. Carpenter, __ U.S. __, 120 S.Ct. 1587, 146 L. Ed. 2d 518 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387. Petitioner has not met this requirement. The Petitioner has raised a new ground for relief which was not presented to the State's highest court, and the Petitioner has not properly utilized the Mississippi Uniform Post-Conviction Collateral Relief Act, which gives Petitioner three years from the date his conviction was affirmed to file for relief. See Miss. Code Ann. § 99-39-1, et seq. Accordingly, the Petitioner has failed to show that he has exhausted his state remedies. Because Petitioner has failed to exhaust his state court remedies, and he may have the right to raise the question presented in the state courts, this Court may not grant habeas

relief.  See 28 U.S.C. § 2254(b, c).

## CONCLUSION

Accordingly, for the reasons stated above, the Motion to Dismiss should be granted, and the Petition should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 22nd day of July, 2010.

      /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE